UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ELECTRONIC MERCHANT SYSTEMS LLC, | ) CASE NO. 1:24-CV-2116 ) ) JUDGE DAVID A. RUIZ |
| Plaintiff, | ) ) |
| v. | ) ) |
| FREDERICK J. HUTSON, JR., | ) MEMORAMDUM OPINION AND ) ORDER ) |
| Defendant. | |

## Introduction

Before the Court is a motion by Defendant Frederick J. Hutson, Jr. (Defendant) to dismiss the complaint filed by Plaintiff Electronic Merchant Systems LLC d/b/a Electronic Merchant Systems (EMS). R. 2. Plaintiff opposes the motion. R. 4. Defendant replied to the opposition, R.5, and with leave of Court, filed a sur-reply. R. 7. For the reasons stated below, Defendant's motion is granted and the matter dismissed.

## Facts

Plaintiff's complaint, which was removed here from the Cuyahoga County Court of Common Pleas on the grounds of diversity, contends that it had a contract with Pigeon Webhost Inc. d/b/a Pigeon Webhosting whereby EMS processed credit card transactions for Pigeon. R. 1, Page ID#: 7. The agreement was signed by Defendant's father, a principal of Pigeon, and included his personal guaranty of Pigeon's obligations. *See*, R. 2, Page ID#: 14. All parties accept that Defendant here did not sign the agreement, although the complaint maintains that Defendant "ran

1

the day-to-day operations of Pigeon and also provided funding to support its operations." R. 4, Page ID#: 68.

In 2023, Plaintiff sued Pigeon, Defendant, and his Defendant's father in state court for breach of the agreement. R. 2, Page ID#: 14-15. In that action, EMS sought to recover $184,114.62 in credit card "chargeback" fees that it claimed was due it under the agreement. *Id*. Although Defendant was initially named as a defendant in that action, EMS voluntarily dismissed him after he moved for summary judgment on the grounds that he was not a party to, nor a guarantor of, the agreement. *Id*., Page ID#: 15. EMS then won a judgment against Pigeon and Defendant's father for the full amount sought. *Id.* Subsequently, EMS sued this Defendant in this action asserting a single claim of unjust enrichment and seeking recovery of the same amount it had just been awarded. *Id*.

Defendant now moves to dismiss the action on the grounds that, under Ohio law, an unjust enrichment claim is precluded where an express agreement governs the underlying dispute. R. 2, Page ID#: 16. Further Defendant argues that any funds that were improperly retained by Pigeon did not confer any benefit directly on Defendant, and so cannot support an unjust enrichment claim. *Id*., Page ID#: 18-20. Defendant also contends that the Complaint is deficient for not offering "facts even hinting that [Defendant] was the direct recipient of anything, or that he had any obligation to pay anything to EMS." *Id*., Page ID#: 20.

Plaintiff responds by first arguing that since Defendant was never a party to the agreement, that agreement cannot serve as a basis for dismissing the action against him. R. 4, Page ID#: 68. It also contends that the complaint adequately pleaded an unjust enrichment claim by alleging that the direct benefit Defendant received from Plaintiff was that Defendant did not have to use his funds to repay Pigeon's customers. *Id*., Page ID#: 70-71. Moreover, it states that whether

2

retention of a benefit is unjust poses a mixed question of law and fact. *Id*., Page ID#: 71. Specifically, Plaintiff argues that Defendant's position requires consideration into what position, if any, Defendant actually held with Pigeon – the party that received the benefit – and whether it receiving a benefit was unjust to Defendant. *Id.* Such an examination it maintains is not for the pleading stage. *Id.*

## Standard of review

When ruling upon a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), a court must accept as true all the factual allegations contained in the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *accord Streater v. Cox*, 336 Fed. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.] Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).

In addition, under the well-known *Erie* doctrine when a federal court is exercising its

3

diversity jurisdiction it applies federal substantive law while applying the substantive law of the relevant state. *Gasparini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996).

**Analysis**

In Ohio law, a successful claim of unjust enrichment requires a showing that: (1) a benefit was conferred by the plaintiff on the defendant, (2) the defendant had knowledge of the benefit and (3) the defendant retained the benefit under circumstances in which it was unjust to do so without payment. *Bunta v. Superior VacuPress, L.L.C.*, 171 Ohio St. 3d 464, 218 N.E. 3d 838, ¶36 (1984) (citations omitted). Unjust enrichment is an equitable claim based on a contract implied in law. *Calderone v. Baird*, 264 N.E. 3d 471, ¶ 9 (Ohio App. 11th Dist. 2025) (citation omitted). The purpose of an unjust enrichment claim is "not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant." *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335, 123 N.E. 2d 393 (1954).

Where there is a remedy at law, an equitable remedy is improper. *Coventry Courts LLC v. Cuyahoga County,* 212 N.E. 3d 373, ¶ 21 (Ohio App. 8th Dist. 2023) (collecting cases).

It is well-settled that where a valid contract defines the obligations of the parties as to matters within its scope, that contract displaces "any inquiry into unjust enrichment." *Baird*, 264 N.E.3d at ¶12 (citations omitted). But is also well-settled that where the unjust enrichment action involves a claim against a non-contracting party, the existence of an underlying contract for the subject of the debt will not preclude an unjust enrichment claim. *Id*.

As an initial matter, Defendant asserts that because there was an express contract that was the basis for Plaintiff's original state court lawsuit in which it successfully obtained judgment against Pigeon and Defendant's father, who were signatories to the underlying agreement, Plaintiff is now precluded from pursuing this lawsuit against him for unjust enrichment. R. 2,

4

Page ID#: 17. Defendant further asserts that proceeding here against him is contrary to the principle that equitable relief is only available where there is no remedy at law. R. 5, Page ID#: 77.

In this situation, however, if Plaintiff is correct that a benefit was improperly conferred on this named Defendant by Plaintiff, and this Defendant was beyond the reach of the breach of contract suit by virtue of not being a party to that contract, then Plaintiff is without a remedy at law. Further, as noted above, Ohio law is clear that where the unjust enrichment claim involves a claim against a non-contracting party, the existence of an underlying contract will not preclude an unjust enrichment claim.

Further, an unjust enrichment claim is not to compensate the plaintiff for a loss he may have suffered. *Hughes*, 162 Ohio St. 3d at 330. If such compensation to the plaintiff for its loss were the purpose, then perhaps the judgment reached in the prior state court suit could now be seen as accomplishing that end and thus preclude the present suit. But under Ohio law, the purpose of an unjust enrichment action is to prevent a defendant from retaining the benefit conferred by the plaintiff when defendant's retention of that benefit would be unjust. *Id*.

Accordingly, Defendant's contention that the contract at the core of the prior state court action now precludes the present action is unavailing.

Next, the Defendant argues that the matter must be dismissed because Plaintiff cannot show that any benefit was directly conferred on Defendant. R. 5, Page ID#: 78. As stated above, under the first element of a claim of unjust enrichment, Plaintiff must show that it conferred a benefit directly on the Defendant. Plaintiff avers that it has pleaded that Defendant received the benefit of not having to personally pay funds to the credit card issuing banks of Pigeon's customers. R. 4, Page ID#: 71; R. 7, Page ID#: 85.

Initially, although Plaintiff alleges that absent its payment of the funds, Defendant would have been personally liable to pay the banks, there is no allegation indicating how this obligation was created, or even that such a legal obligation existed. Rather, Plaintiff's complaint contends that in addition to running day to day operations at Pigeon, Defendant also "provided funding to support its operations." R. 1, Page ID#: 7. Such assertions, however, do not allege that Defendant had any legal obligation rendering him responsible for Pigeon's debts.

Moreover, even if it could be assumed that Defendant was conferred a benefit, the general rule in Ohio is that third parties cannot be sued on an implied contract, or on unjust enrichment, "because an implied contract does not arise against one who benefitted by virtue of a special contract with other persons." *Sterling Contracting, LLC v. Main Event Entertainment, LP, et al.*, 2022 WL 2256009, at *7 (Ohio App. 8th Dist. June 23, 2022) (citation and internal quotation omitted). In addition, as stated by the court in *Natura Development N.V. v. HEH Advisors LLC,* 2020 WL 550661, at *6 (S.D. NY Feb. 4, 2020), when it dismissed an unjust enrichment claim under similar circumstances:

> Whatever benefit [defendant] received from [plaintiff's action] was through his position as a member of [defendant entity], a limited liability company, and not in any other capacity. Plaintiff cites no case where an officer or shareholder of a corporation or member of an LLC may be held personally liable where the benefit was conferred upon the entity and not the officer, shareholder or member.

*Id.* For the same reasons, Plaintiff has failed to state an actionable claim for unjust enrichment against the named defendant.

## Conclusion

Plaintiff's complaint (R. 1-1) fails to state a plausible claim for unjust enrichment, even when construing the factual allegations in the light most favorable to Plaintiff. Therefore,

6

Defendant's motion to dismiss (R. 2) is GRANTED.

    IT IS SO ORDERED.

Dated: September 29, 2025             s/ *David A. Ruiz*
                                                    David A. Ruiz
                                                    United States District Judge